# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **STERLING SAVINGS BANK,** a Washington state chartered bank,<br><br>　　　　Plaintiff,<br><br>v.<br><br>**MICHAEL J. LICHTIE,** an individual; **DESERET SKY DEVELOPMENT, LLC,** a Utah limited liability company; **BRENT D. BUTCHER and KRISTAL BUTCHER,** husband and wife; **PERFORMANCE CONSTRUCTION INC.,** a Utah corporation; **CALIBER HOMES, LLC,** a Utah limited liability company; and **CALIBER HOLDINGS COMPANY, LLC,** a Utah limited liability company,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:09cv736**<br><br><br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

　　　　This matter was referred to Magistrate Judge Paul M. Warner by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Sterling Savings Bank's ("Plaintiff") (1) motion to strike the notice of appearance by Michael J. Lichtie ("Mr. Lichtie") on behalf of Caliber Homes, LLC ("Caliber") (collectively, "Defendants");[2] (2) motion to

---

[1] *See* docket no. 41.

[2] *See* docket no. 49.

compel discovery responses from Defendants;[3] and (3) motion to amend the amended scheduling order.[4] The court has carefully reviewed the memoranda submitted by Plaintiff. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## DISCUSSION

### I. Motion to Strike

Plaintiff moves this court for an order striking Mr. Lichtie's "Notice of Appearance" on behalf of Caliber. Mr. Lichtie and Caliber were originally represented by Philip J. Hardy. However, on April 16, 2010, Mr. Hardy filed a motion to withdraw as counsel, which was granted by Judge Waddoups.[5] On May 19, 2010, Mr. Lichtie filed a "Notice of Appearance," ostensibly on behalf of himself and Caliber.[6]

While Mr. Lichtie may appear pro se on his own behalf in this case, a business entity must be represented by counsel. *See Harrison v. Wahatoyas*, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for

---

[3] *See* docket no. 48.

[4] *See* docket no. 51.

[5] *See* docket nos. 35, 39.

[6] *See* docket no. 46.

the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Thus, it is well established that Mr. Lichtie may not appear pro se on behalf of Caliber. As such, Plaintiff's motion to strike Mr. Lichtie's "Notice of Appearance" as to Caliber is **GRANTED**. Caliber is ordered to retain counsel in this matter and said counsel shall file a formal notice of appearance in this case by October 18, 2010. *See* DUCivR 83-1.4(b) ("When ever an attorney . . . ceases to act as attorney of record, the party represented by such attorney must notify the clerk of the appointment of another attorney . . . within twenty (20) days or before any further court proceedings are conducted."). Failure to do so will result in a recommendation to Judge Waddoups to sanction Caliber.

## II. Motion to Compel

Plaintiff also seeks an order compelling Defendants to respond to its First Set of Interrogatories and Requests for Production of Documents. To date, Defendants have failed to provide answers or otherwise respond to Plaintiff's discovery requests. In addition, Defendants have failed to file responses to the instant motion. Accordingly, the court **GRANTS** Plaintiff's motion to compel. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice."). Defendants must fully respond to Plaintiff's discovery requests by November 5, 2010. Plaintiff also requested attorney fees and expenses it incurred in filing the motion to compel. While the court declines to award attorney fees and costs in this particular instance, the court may do so in the future if Defendants do not make every good faith effort to comply with the discovery rules and orders of this court. Lack of counsel to assist with discovery requests will not serve as a basis for failure to comply.

### III. Motion to Amend the Amended Scheduling Order

Plaintiff seeks to amend the scheduling order for a second time. Because of the delays in this case caused by Defendants' failure to respond to the discovery requests, the court finds good cause to amend. Accordingly, Plaintiff's motion is **GRANTED**. The court will issue a second amended scheduling order upon entry of the instant order.

### CONCLUSION

In summary, **IT IS HEREBY ORDERED**:

(1)   Plaintiff's motion to strike Mr. Lichtie's "Notice of Appearance" on behalf of Caliber[7] is **GRANTED**. By October 18, 2010, Caliber shall retain counsel and said counsel shall file a formal notice of appearance in this case. Failure to do so may result in a recommendation to Judge Waddoups to strike Caliber's answer as a sanction.

(2)   Plaintiff's motion to compel answers to its First Set of Interrogatories and Requests for Production of Documents[8] is **GRANTED**. Defendants must fully respond to Plaintiff's discovery requests by November 5, 2010.

---

[7] *See* docket no. 49.

[8] *See* docket no. 48.

(3) Plaintiff's motion for a second amended scheduling order[9] is **GRANTED**. Upon entry of the instant order, the court will issue a second amended scheduling order.

**IT IS SO ORDERED.**

DATED this 28th day of September, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[9] *See* docket no. 51.